### COMMERCIAL UNION INSURANCE COMPANY, Appellee,

v.

### CITY OF ST. LOUIS, Appellee,

v.

### FULLGRAF STEEL COMPANY et al., Appellants.

### Civ. No. 74–1020.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1974.

Decided June 18, 1974.

Joseph J. Becker and David S. Purcell, Clayton, Mo., for appellants.

Bernard A. Reinert, St. Louis, Mo., for appellee.

Before BRIGHT and ROSS, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

The sole issue before us is whether the appellants [1] should have been permitted to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2) [2] in a suit be-

---

* Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Appellants are twelve corporations and one natural person; for convenience we will hereinafter refer to them as "intervenors."

2. Rule 24, provides in part:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the

tween Commercial Union Insurance Company and the City of St. Louis.

On August 22, 1973 Commercial Union filed a complaint in the court below against the City,[3] alleging that it was the surety on a $329,500 construction contract between the City, as owner, and Tal-Cal Construction Company, Inc., as general contractor; that as surety it had become obligated to pay and had paid over a quarter of a million dollars to various subcontractors, suppliers, materialmen and laborers who worked on the project; that the work was substantially completed by Tal-Cal; that there was an outstanding balance of $64,442.-83 owed by the City to Tal-Cal on the contract; and that "by virtue of the aforesaid suretyship * * * [it had] acceded [succeeded] to the rights of any and all parties in the contract balance remaining unpaid." It claimed this entire amount from the City. Before the City answered, motions to intervene as of right under Rule 24(a)(2) were filed by the thirteen intervenors, all of whom claimed to have been unpaid for labor or materials they supplied on the project, seeking judgments against the City in amounts ranging from $445.00 to $7,501.50, totaling a sum in excess of $35,000.00.[4] Orders denying such intervention were entered in due course and the matter is before us on appeal.

We think it clear from the allegations, and we do not understand Commercial Union to argue otherwise,[5] that the intervenors have claimed "an interest relating to the property or transaction which is the subject of the action and [they are] so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest."[6] Both Commercial Union and the intervenors claim an interest in a fund retained by the City. The fund, we gather from the record before us, is inadequate to meet all the demands made on it. Plainly, the intervenors' claims against the City will be effectively impaired if the surety is successful in prosecuting its claim.

Commercial Union urges, however, that the intervenors have failed to plead and prove that their interest is not "adequately represented by existing parties." It is argued, substantially, that the City adequately represents the intervenors because it is in the City's interest, as a matter of defense, to show that third parties, including the intervenors, have equitable rights to the fund which are entitled to priority over any right of Commercial Union. We are not persuaded. The City's interest in presenting this defense is merely strategic; it does not have the same vital stake as the intervenors that their claim to the fund be established. Indeed, it is evident from the City's answer (which was filed after the court below ruled on the motions to intervene) that its primary defense at trial may be an attempt to prove its own priority of right to the retained fund based on an alleged breach of contract by Tal-Cal. The intervenors' and the City's interests are sufficiently different that the former cannot be adequately represented by the latter. Ford Motor Company v. Bisanz Bros. Inc., 249 F.2d 22, 27–28 (8th Cir. 1957). Intervention should have been permitted as a matter of right.

In reaching this conclusion, we have been mindful of the considerations of judicial economy urged upon us by Commercial Union. We think, however, this is a case where that goal can be best promoted by resolving all the conflicting claims to the retained fund in one lawsuit.

Reversed.

---

subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

3. Jurisdiction was based on diversity of citizenship.

4. Six of the intervenors also sought judgment against Commercial Union.

5. The City has not filed a brief on appeal.

6. Fed.R.Civ.P. 24(a)(2).